Matter of Macelus (2022 NY Slip Op 03895)

Matter of Macelus

2022 NY Slip Op 03895

Decided on June 15, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
JOSEPH J. MALTESE, JJ.

2021-05960

[*1]In the Matter of Edwyn D. Macelus, admitted as Edwyn David Macelus, an attorney and counselor-at-law. (Attorney Registration No. 5255807.)

The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 17, 2014, under the name Edwyn David Macelus. By order to show cause dated August 24, 2021, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Supreme Court of New Jersey, filed July 18, 2019.

Diana Maxfield Kearse, Acting Chief Counsel, White Plains, NY (Anthony R. Wynne of counsel), for the Grievance Committee for the Ninth Judicial District.

PER CURIAM.

OPINION & ORDER
By order filed July 18, 2019, the Supreme Court of New Jersey granted a petition filed by the Office of Attorney Ethics (hereinafter OAE) to temporarily suspend the respondent from the practice of law, effective immediately, until further order of the court, and restrained from disbursement all funds currently existing or thereinafter deposited in any New Jersey financial institution maintained by the respondent, except on application to the court for good cause shown.
The New Jersey Proceeding
The OAE received a complaint from South Orange Chiropractic Center (hereinafter SOCC) against the respondent on or about May 22, 2018, alleging that he converted funds due to it. The respondent represented Atlandtis Everett, who owed SOCC $11,493.43. On February 24, 2017, the Local No. 863 Welfare Fund issued two checks totaling $8,476.36 payable to SOCC on behalf of Everett, its insured. The respondent deposited these two checks into his attorney trust account on March 8, 2017, without SOCC's authority. Upon further investigation by OAE, it was revealed that the respondent did not maintain an attorney business account, did not use attorney trust account checks, made cash withdrawals, and used cashier's checks to disburse funds. The respondent admitted to OAE that Everett owed SOCC $11,493.43, and that he deposited the checks made out to SOCC into his attorney trust account.
According to OAE's audit, on March 7, 2017, the day before depositing SOCC's checks, the respondent's attorney trust account balance was $2.26. On March 9, 2017, the respondent withdrew $500 cash from his attorney trust account, and on March 13, 2017, he withdrew another $7,900 in cash, lowering his account balance to $78.62. Both of the cash withdrawals were unrelated to SOCC. Between March 13, 2017, and May 24, 2018, the respondent's attorney trust account balance consistently fell below the amount owed to SOCC, except for a few days between [*2]December 2017 and May 2018. By May 24, 2018, the respondent's attorney trust account balance was $0.91 when it should have been $16,976.36 with the deposits of other client funds ($8,476.36 for SOCC and $8,500 for other clients).
On May 25, 2018, the respondent deposited $5,000 of unaccounted funds into his attorney trust account. On May 29, 2018, a $120 electronic payment was made by Michelle Padilla, and on May 30, 2018, the respondent deposited $3,400 of unaccounted funds into his trust account, increasing his balance to $8,520.91. On the same day, the respondent withdrew $8,476.36 in cash from his attorney trust account, and obtained a cashier's check for the same amount payable to SOCC, more than a year after the respondent received funds due SOCC. After this cash withdrawal, the respondent's trust account balance fell to $44.55 when it should have been $8,500.
Due to his knowing misappropriation of client and escrowed funds, and his failure to properly maintain and use an attorney trust account and attorney business account, OAE filed a petition for temporary suspension dated February 15, 2019, asserting that good cause had been shown that the respondent was a danger to his clients, and petitioned the Supreme Court of New Jersey to immediately temporarily suspend the respondent from the practice of law, and to restrain from disbursement all funds presently existing in any New Jersey banking institution maintained by the respondent pursuant to New Jersey Rules of Court rule 1:21-6, relating to his practice of law, except upon application to the court for good cause shown. The Supreme Court of New Jersey granted the OAE's petition by order filed July 18, 2019.
The New York Proceeding
By order to show cause dated August 24, 2021, the respondent was directed to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by the order of the Supreme Court of New Jersey filed July 18, 2019, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of the Court, with proof of service upon the Grievance Committee for the Ninth Judicial District, on or before October 12, 2021.
To date, the respondent has neither interposed a response to this Court's August 24, 2021 order to show cause, nor requested additional time in which to do so.
Accordingly, we find that the imposition of reciprocal discipline is warranted based upon the findings of the Supreme Court of New Jersey, therefore the respondent is suspended from the practice of law, effective immediately, and continuing until further order of this Court (see Matter of Morris, 162 AD3d 89; Matter of Hummel, 99 AD3d 133).
LASALLE, P.J., DILLON, DUFFY, BARROS and MALTESE, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Edwyn D. Macelus,
admitted as Edwyn David Macelus, is suspended from the practice of law in the State of New York, effective immediately, and continuing until further order of the Court; and it is further,
ORDERED that during the period of suspension and until further order of the Court, the respondent, Edwyn D. Macelus, admitted as Edwyn David Macelus, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Edwyn D. Macelus, admitted as Edwyn David Macelus, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Edwyn D. Macelus, admitted as Edwyn David Macelus, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court